1
2
3
4
5
6
7
8                              UNITED STATES DISTRICT COURT
9                          FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11   WILSON RODRIGUEZ,                          No.  2:24-cv-0024 SCR P
12                   Plaintiff,
13        v.                                    ORDER
14   SACRAMENTO COUNTY,
15                   Defendant.
16
17        Plaintiff is a civil detainee proceeding pro se in this civil rights action under 42 U.S.C. §
18   1983.  Before the court are plaintiff's first amended complaint ("FAC") for screening[1] (ECF No.
19   7) and motion to proceed in forma pauperis (ECF No. 8).
20                                    **IN FORMA PAUPERIS**
21        Plaintiff has submitted an application to proceed in forma pauperis under 28 U.S.C. §
22   1915.  Although plaintiff has not submitted his application on the proper Eastern District form, a
23   review of the verified document plaintiff has submitted provides sufficient information to enable
24   the court to determine his indigent status.  (See generally ECF No. 8.)  Therefore, in the interest
25   of efficiency, plaintiff's in forma pauperis motion (ECF No. 8) shall be granted.
26        As a civil detainee, plaintiff is not subject to the Prison Litigation Reform Act's ("PLRA")
27
28   [1] Plaintiff filed his FAC before the court screened his initial complaint.

1

requirements regarding the payment of administrative fees.[2]  See Page v. Torrey, 201 F.3d 1136, 1140 (9th Cir. 2000).  Therefore, an order directing the custodial hospital to collect filing fees from plaintiff's trust account will not issue with this order.

## SCREENING

### I. Legal Standard

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

### II. Factual Allegations of the FAC

Plaintiff is a civil detainee residing at Coalinga State Hospital.  (ECF No. 7.)  The allegations in the FAC occurred between February 23, 2023, and July 5, 2023, while plaintiff was

---

[2] In addition, civil detainees are not subject to the PLRA's administrative exhaustion requirement.  See Page, 201 F.3d at 1140.

2

in the custody of the Sacramento County Sheriff's Department as a civil detainee awaiting proceedings under California's Sexual Violent Predator Act ("SVPA").  (Id. at 2, ¶ 1.)  Plaintiff names the County of Sacramento as the sole defendant.  (Id., ¶ 2.)

Plaintiff was transferred from Coalinga State Hospital ("CSH") to Sacramento County Jail on February 23, 2023.  (ECF No. 7 at 3, ¶ 5.)  Plaintiff informed the Classification Officer that he was a civil detainee and to please not house him with criminals.  (Id., ¶ 6.)  Plaintiff was then escorted to 4 East 200, a protective custody pod for those held under criminal proceedings.  (Id., ¶ 7.)  Plaintiff told the deputy who was escorting him that he is a civil detainee and cannot be housed in a criminal pod, but the deputy "brushed it off and refused to look into it."  (Id.)

Plaintiff was placed in a cell with a criminal inmate.  (ECF No. 7 at 3, ¶ 8.)  He began to stress and worry about his safety.  (Id.)  Over the course of six months, plaintiff sent over a dozen "kites" to Classification stating he is a civil detainee and cannot be housed with criminals.  (Id. at 3-4, ¶ 9.)  He never received a response.  (Id. at 4, ¶¶ 9-11, 15.)  After about a month, the criminal inmates found out about plaintiff's SVPA status.  (Id., ¶ 12.)  Plaintiff endured very intense verbal abuse for the next five months.  (Id.)  Plaintiff never received a response to complaints, and one deputy told him to "get used to being picked on in jail."  (Id.)

While in 4 East 200 Pod, plaintiff received about 50% less dayroom time that the criminals did.  This means plaintiff received less phone, shower, and shaving time.  (ECF No. 7 at 4, ¶13.)  During plaintiff's time in county jail, he also received about 50% less recreation time than the criminal inmates in the same unit.  (Id., ¶14.)  Deputies told plaintiff he received less time because he was under the SVPA (Id., ¶16) and made sure the criminal inmates got their dayroom and recreation privileges first (Id., ¶17).

After five months of complaining, plaintiff was moved.  (ECF No. 7 at 5, ¶18.)  Plaintiff bounced around to different housing areas and was housed alone for about ten days, during which he received no dayroom or recreation time.  (Id., ¶19.)  In his last few weeks at the jail, plaintiff landed in 4 East 300 Pod, another pod for criminal detainees, and placed in a cell by himself and allowed to come out to dayroom with another SVP.  (Id. at 5-6, ¶¶19-21.)  Plaintiff still received

////

1  less dayroom, shower, phone, and recreation time than criminal inmates in this pod. (Id. at 6,
2  ¶22.)

3    Plaintiff alleges that policies that direct the deputies on how and where to house civil
4  detainees, as well as what conditions of confinement civil detainees are to receive, are deficient or
5  missing, caused deputies to house plaintiff with those under the criminal process. (ECF No. 7 at
6  6, ¶¶24-25.) Plaintiff further alleges that he was subjected to better conditions of confinement at
7  CSH than Sacramento County Jail, including: access to personal electronics and clean clothes,
8  exercise up to six hours a day, courtyard access eleven-and-a-half hours a day, daily access to the
9  sports yard, canteen, grill, and library, access to cleaning supplies, access to the computer lab, and
10 the ability to send and receive confidential calls and mailings. (Id. at 6-7, ¶¶26-39, 45.) CSH
11 also provided better food, including access to condiments, main course substitutions, a
12 refrigerator, and a microwave. (Id. at 7, ¶¶ 40-41, 43-44.) Lastly, at CSH, unlike at Sacramento
13 County Jail, plaintiff was able to participate in Sex Offender Treatment groups as well as other
14 ancillary groups like interpersonal skills, relationship skills, Narcotics Anonymous, and
15 Alcoholics Anonymous. (Id., ¶42.)

16   Plaintiff alleges three causes of action against defendant County of Sacramento: (1) a
17 Fourteenth Amendment due process claim based on King v. County of Los Angeles, 885 F.3d
18 548 (9th Cir. 2018) ("King"); (2) a second Fourteenth Amendment claim, also based on King; and
19 (3) a claim alleging failure to provide sex offender treatment. (ECF No. 9-10, ¶¶46-54.) Plaintiff
20 seeks $25,000 in damages. (Id. at 11.)

21 **III. Discussion**

22   A plaintiff may bring an action under 42 U.S.C. § 1983 to redress violations of "rights,
23 privileges, or immunities secured by the Constitution and [federal] laws" by a person or entity,
24 including a municipality, acting under the color of state law. 42 U.S.C. § 1983. To state a claim
25 under 42 U.S.C. § 1983, a plaintiff must show that (1) a defendant acting under color of state law
26 (2) deprived plaintiff of rights secured by the Constitution or federal statutes. Benavidez v.
27 County of San Diego, 993 F.3d 1134, 1144 (9th Cir. 2021).

28   Municipalities cannot be held vicariously liable under § 1983 for the actions of their

employees. Monell v. Dep't of Social Services, 436 U.S. 585 at 691, 694 (1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id. at 694. Municipalities are considered "persons" under 42 U.S.C. § 1983 and therefore may be liable for causing a constitutional deprivation. Monell, 436 U.S. 658, 690 (1978); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). To properly plead a Monell claim based on an unconstitutional custom, practice, or policy, plaintiff must show that the government "had a deliberate policy, custom, or practice that was the moving force behind the constitutional violation [plaintiff] suffered." See AE ex rel. Hernandez v. County of Tulare, 666 F.3d 631, 636 (9th Cir. 2012) (quotation marks and citation omitted). Plaintiff must also show that the policy or custom of the government "reflects deliberate indifference" to plaintiff's constitutional rights. See Castro v. County of Los Angeles, 833 F.3d 1060, 1073 (9th Cir. 2016) (quotation marks and citation omitted). Unless the challenged policy is in writing, the municipal policy at issue must be the result of a "longstanding practice or custom which constitutes the standard operating procedure of the local government entity." Price v. Sery, 513 F.3d 962, 966 (9th Cir. 2008) (quotation omitted).

**A. Fourteenth Amendment Due Process**

Plaintiff's "Cause 1" and "Cause 2" appear to address separate components of the same Fourteenth Amendment due process claim. (See ECF No. 7 at 9-10, ¶¶46-52.) Therefore, the court construes them as one claim.

Plaintiff's claim is expressly based on King. (ECF No. 7 at 2.) There, the Ninth Circuit reiterated that under the Due Process Clause of the Fourteenth Amendment, "an individual detained under civil process cannot be subjected to conditions that 'amount to punishment.'" King, 885 F.3d 548, 557 (9th Cir. 2018) (citing Jones v. Blanas, 393 F.3d 918, 935 (9th Cir. 2004)). The Ninth Circuit identified two presumptions for determining whether the conditions amount to punishment:

> 1) First, conditions of confinement are presumptively punitive if they are identical to, similar to, or more restrictive than, those in which a civil pre-trial detainee's criminal counterparts are held.

5

2) Second, conditions of confinement are presumptively punitive if an individual awaiting SVPA adjudication is detained under conditions more restrictive than those the individual would face following SVPA commitment.

King, 885 F.3d at 557 (internal quotations and citations omitted). If either presumption applies, the burden shifts to the defendant to show (1) legitimate, non-punitive interests justifying the conditions of the detainee's confinement; and (2) that the restrictions imposed are not excessive in relation to these interests. Id. (citing Jones, 393 F.3d at 935) (cleaned up).

For screening purposes, plaintiff has satisfied both King presumptions. First, plaintiff has alleged sufficient facts showing that his conditions of confinement in the Sacramento County Jail were more restrictive than those in which his criminal counterparts are held (e.g., less dayroom and recreation time). Second, plaintiff adequately contrasts the conditions of confinement he encountered at Sacramento County Jail to those he encountered at CSH, his eventual placement post-SVPA commitment.

Plaintiff has also satisfied the Monell pleading requirements for proceeding against a municipal defendant. He alleges that the Sacramento County is liable for "deficient policies or the lack of sufficient policies regarding the housing and treatment of SVP's [sic] in County Jail." (ECF No. 7 at 9, ¶47.) These policies "made the conditions of confinement for the Plaintiff more restrictive than those imposed on the criminal population of the jail" and "housed the Plaintiff in a more restrictive environment than he was in at [CSH]." (Id. at 9-10, ¶¶47, 51.) Although plaintiff does not identify a specific written policy, he alleges that the actions of the deputies in his unit "went unchecked and unregulated for such duration of time as to constitute established customs and/or practices that are either similar to and/or more restrictive than the way deputies [in criminal units] acted." (Id. at 9, ¶48.) Accordingly, for screening purposes, plaintiff has stated a Fourteenth Amendment conditions of confinement claim against defendant County of Sacramento.

**B. Denial of Sex Offender Treatment to SVPs**

Plaintiff's second claim alleges Sacramento County failed to provide him with required sex offender treatment. While plaintiff does not explain the source of his right to such treatment, he does cite three cases for support: (1) Pedersen v. Plummer, 120 F. App'x 665 (9th Cir. 2004);

(2) People v. Ciancio, 109 Cal. App. 4th 175 (2003); and (3) Sharp v. Weston, 233 F.3d 1166 (9th Cir. 2000). Taken together, these cases concern a civil detainee's Fourteenth Amendment due process right to mental health treatment. See Sharp, 233 F.3d at 1172; Pedersen, 120 F. App'x at 667. Therefore, the court will screen plaintiff's claim under the applicable Fourteenth Amendment due process framework.

Under the Due Process Clause of the Fourteenth Amendment, civil detainees are entitled to mental health treatment that gives them a realistic opportunity to be cured and released. Ohlinger v. Watson, 652 F.2d 775, 778 (9th Cir. 1980); Sharp, 233 at F.3d at 1172. "Because the purpose of confinement is not punitive, the state must also provide the civilly-committed with 'more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish.'" Sharp, 233 F.3d at 1172 (quoting Youngberg v. Romeo, 457 U.S. 307, 233 (1982)). "Lack of funds, staff or facilities cannot justify the State's failure to provide [such persons] with [the] treatment necessary for rehabilitation." Oregon Advocacy Center v. Mink, 322 F.3d 1101, 1121 (9th Cir. 2003) (brackets in original) (quoting Ohlinger, 652 F.2d at 779).

Plaintiff alleges that "none" of the treatment programs he accessed at CSH, including "Sex Offender Treatment Groups" and other "ancillary groups" like interpersonal and relationship skills and Narcotics and Alcoholics Anonymous, were available to him in Sacramento County Jail. He alleges that "[t]he Sheriff's policies on giving sex offender treatment to SVPs…is so deficient to effectively not be a policy." (ECF No. 7 at 10, ¶54.)

Plaintiff has failed to adequately plead a Fourteenth Amendment mental health treatment claim. Plaintiff's claim appears to be based on his belief that the case law entitles him to "have or continue his sex offender treatment he was receiving at CSH." (ECF No. 7 at 10, ¶54.) To the contrary, "SVPs must be afforded more considerate treatment and conditions of confinement than criminals[.]" Cerniglia v. Price, No. 1:17-cv-0753 AWI JLT PC, 2017 WL 4865452, at *3 (E.D. Cal. Oct. 27, 2017). While plaintiff compares the lack of treatment options available at Sacramento County Jail to what he received at CSH, he does not explain what was available to him at Sacramento County Jail and how it compared to what was offered to criminal detainees.

Moreover, his single allegation regarding defendant's "deficient" sex offender treatment policies is too conclusory to survive screening, especially when compared to the more factual policy allegations in the conditions of confinement claim above. See Starr v. Baca, 652 F.3d 1202, 1212-16 (9th Cir. 2011) ("[T]o be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively").

Accordingly, the undersigned finds that plaintiff has failed to state a cognizable Fourteenth Amendment Due Process claim for inadequate mental health treatment.

## CONCLUSION

After conducting the screening required by 28 U.S.C. § 1915A(a), the court finds that plaintiff has stated a cognizable Fourteenth Amendment conditions of confinement claim against defendant Sacramento County. However, the allegations in the FAC are not sufficient to state a Fourteenth Amendment inadequate mental health care claim against defendant Sacramento County. Plaintiff has failed to plead underlying facts showing how his mental health treatment compared to criminal detainees or how defendants' policies were the moving force behind the alleged violation. It appears to the court that plaintiff may be able to allege facts to fix these problems. Therefore, plaintiff has the option of filing an amended complaint.

Based on the court's screening, plaintiff has a choice to make. After selecting an option from the two options listed below, plaintiff must return the attached Notice of Election form to the court within 21 days from the date of this order.

**Option 1:** The first option available to plaintiff is to proceed immediately against defendant Sacramento County on the Fourteenth Amendment conditions of confinement claim. By choosing this option, plaintiff will be agreeing to voluntarily dismiss his Fourteenth Amendment inadequate mental health treatment claim. The court will proceed to immediately serve the FAC and order a response from defendant Sacramento County.

**Option 2:** The second option available to plaintiff is to file an amended complaint to fix the problems described above concerning the Fourteenth Amendment inadequate mental health

care claim. If plaintiff chooses this option, the court will set a deadline in a subsequent order to give plaintiff time to file an amended complaint. The court would then screen that amended complaint.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 8) is GRANTED. Because plaintiff is a civil detainee, no order directing the custodial hospital to collect filing fees from plaintiff's trust account is necessary.

2. Plaintiff's FAC states a cognizable Fourteenth Amendment conditions of confinement claim against defendant Sacramento County but no other cognizable claims.

3. Plaintiff has the option to proceed immediately on his cognizable Fourteenth Amendment conditions of confinement claim against defendant Sacramento County as set forth above, or to file an amended complaint.

4. Within 21 days from the date of this order, plaintiff shall complete and return the attached Notice of Election form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file an amended complaint.

5. If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of the Fourteenth Amendment inadequate mental health treatment claim against defendant Sacramento County.

DATED: March 10, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

9

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILSON RODRIGUEZ,<br><br>        Plaintiff,<br><br>    v.<br><br>SACRAMENTO COUNTY,<br><br>        Defendant. | No.  2:24-cv-0024 SCR P<br><br><br>NOTICE OF ELECTION |

Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately against defendant Sacramento County on the Fourteenth Amendment conditions of confinement claim.  By choosing this option, plaintiff will be agreeing to voluntarily dismiss his Fourteenth Amendment inadequate mental health treatment claim.  The court will proceed to immediately serve the complaint and order a response from defendant Sacramento County.

\_\_\_\_\_ Plaintiff wants to file an amended complaint.

DATED:_____

                                                            Wilson Rodriguez
                                                            Plaintiff pro se